UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SANDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARLENE SMITH, NATALIE CLARK, AND ANTONEYA GRAVES,<br><br>　　　　　Defendants. | 1:14-cv-01780-LJO-EPG-PC<br><br>ORDER FINDING COGNIZABLE CLAIMS<br><br>ORDER FOR THIS CASE TO PROCEED AGAINST DEFENDANTS SMITH, CLARK, AND GRAVES<br><br>ORDER FOR DEFENDANTS TO FILE AN ANSWER WITHIN THIRTY DAYS |

**I.　BACKGROUND**

　　Plaintiff, Michael Sands, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983 and related state law claims. This action was initiated by civil complaint filed by Plaintiff in the Kings County Superior Court on July 30, 2014 (Case #14-C0226). On November 12, 2014, defendants Clark, Graves, and Robicheaux-Smith ("Removing Defendants") removed the case to federal court and requested the Court to screen the Complaint under 28 U.S.C. § 1915A. (ECF No. 2.) On November 21, 2014, the Court granted the Removing Defendants' request. (ECF No. 16.) The Complaint is now before the Court for screening.

　　Plaintiff claims that three employees of the California Department of Corrections & Rehabilitation (CDCR) failed to provide required accommodations for him as a Jewish prisoner. These failures allegedly include failing to provide kosher meals and services.

Because this Court finds that Plaintiff has alleged facts stating claims against Defendants Clark, Graves, and Smith under section 1983, Defendants shall be required to file an Answer to the Complaint within thirty days.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is a state prisoner incarcerated at California State Prison-Corcoran ("COR"). Plaintiff names as defendants Marlene Smith[1] (Community Resource Manager), Natalie Clark

---

[1] Defendants refer to this defendant with last name Robicheaux-Smith.  (ECF. No. 2 at 1.)

(Community Resource Manager), and Antoneya Graves (Correctional Food Manager) (collectively, "Defendants"). All of the Defendants were employees or contract employees of the CDCR at the time of the events at issue. Plaintiff's factual allegations follow.

Plaintiff practices the Jewish religion and participates in the CDCR's Jewish Kosher Diet Program (JKDP). He alleges that Defendants are in charge of operating that program at COR. Plaintiff alleges that Defendants failed to provide kosher meals and Jewish services on many occasions during his incarceration. Those failures include failing to use kosher microwaves that were dedicated to meat-only or dairy-only; failing to create a roster of attendance for weekly in-chapel communal religious services when no Jewish chaplain was on staff; failing to provide proof of kosher meal entitlement to Plaintiff for eighteen months; obstructing Plaintiff from participating in in-chapel communal services; failing to maintain frozen food items needed to preserve kosher meals and prevent rotting and spoiling; failing to provide uncooked meals and unchopped vegetables on the Sabbath; prohibiting religious head covering; failing to hold Saturday Sabbath services; and failing to order sufficient Passover meals for Jewish prisoners transferring to the prison. Plaintiff claims that Rabbi Y. Carron previously complained about "Grevious Kosher Concerns" to the prison but the problems went unremedied.

Plaintiff alleges that he suffered from physical and emotional distress from his inability to properly practice his faith. He claims that he experiences episodes of anger, fear, anxiety, anguish, moral trepidation, depression, and self-loathing as well as physical symptoms including sleeplessness stemming from nightmares.

Plaintiff also alleges various attempts by Defendants to cover-up these deficiencies, thwart appeals, and backdate procedures to feign compliance.

Plaintiff asserts four causes of action. First, he asserts a claim under 42 U.S.C. § 1983 for deprivation of right of religious exercise in violation of the First Amendment to the U.S. Constitution. Second, he asserts a state law claim for interference with civil rights under civil code section 52. Third, he asserts a state law claim for intentional infliction of emotional distress. Fourth, he asserts a claim for declaratory relief under C.C.P. § 1060.

## IV. PLAINTIFF'S SECTION 1983 CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

## V. FIRST AMENDMENT FREE EXERCISE OF RELIGION

### A. Legal Standards

The Religion Clauses of the First Amendment provide: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I.

The Ninth Circuit has recently explained:

> A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. A substantial burden . . . places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs . . . To ensure that courts afford appropriate deference to prison officials, the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be judged under a reasonableness test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights. The challenged conduct is valid if it is reasonably related to legitimate penological interests.

Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (internal quotations and citations omitted). "It was well established in 2007, and remains so today, that government action places

a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego her sincerely held religious beliefs or to engage in conduct that violates those beliefs." Id. at 1033.

The Ninth Circuit has also held that prisons must provide a kosher diet. Ashelman v. Wawrzaszek, 111 F.3d 674, 678 (9th Cir. 1997), as amended (Apr. 25, 1997) (The existence of reasonable alternatives decisively tips the balance in favor of Ashelman's free exercise right. Accordingly, the prison must provide a diet sufficient to sustain Ashelman in good health without violating the laws of kashruth.").

### B. Application to Plaintiff's Complaint

In light of the above law, the Court holds that Plaintiff's Complaint states a non-frivolous claim for violation of the First Amendment's right to free exercise of religion. The Court need not weigh in at this time, without hearing from Defendants, on the precise contours of the First Amendment as applied to the allegations in Plaintiff's Complaint. It is enough that Plaintiff has said he was not provided with kosher meals and could not participate in religious observation. Plaintiff has raised a non-frivolous claim for violation of his constitutional rights and has explained why these individual defendants directly contributed to that violation. The Court holds that the Complaint should be answered and the case go forward in the normal course.[2]

## VI. RETALIATION

### A. Legal Standards

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

---

[2] Having found a cognizable federal constitutional claim, the Court does not examine the related state claims for relief, which can be challenged in the normal course.

such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

### B.     Application to Plaintiff's Complaint

Plaintiff alleges in the Complaint that each of the named defendants set forth an ultimatum in an attempt to coerce Plaintiff and other inmates into withdrawing their group appeal concerning violation of their religious rights, in exchange for Defendants' promises to address the violations identified in the appeal. According to Plaintiff's allegations, each of the Defendants stated that if the group appeal was not withdrawn, they would use their authority and purposely refuse to address the violations. Plaintiff also alleges that when the inmates collectively decided not to withdraw the appeal, Defendants failed to provide for Sabbath services or otherwise allow the inmates to exercise their religious rights.

The Court finds these allegations sufficient to state a cognizable claim for retaliation against defendants Smith, Clark, and Graves.

## VII.   STATE LAW CLAIMS

Plaintiff brings claims against Defendants for intentional infliction of emotional distress and violation of the California Constitution and other state law. Plaintiff is informed that violation of state tort law or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the Court may exercise

supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions.  "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.' "  Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

In this instance, the Court has found cognizable § 1983 claims in Plaintiff's Complaint against defendants Smith, Clark, and Graves.  Therefore, at this juncture, the Court shall exercise supplemental jurisdiction over Plaintiff's state law claims that form part of the same case or controversy as Plaintiff's cognizable federal claims.[3]

**VIII.   CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint states cognizable claims against defendants Marlene Smith, Natalie Clark, Antoneya Graves.  The Court will allow Plaintiff's claims for violation of his First Amendment rights to exercise his religion, for retaliation, and for related state law claims to go forward.  Therefore, Defendants shall be required to file an Answer to the Complaint within thirty days of the date of service of this order.

///

---

[3] At this stage of the proceedings, the Court makes no determination about the viability of Plaintiff's state law claims.

Accordingly, IT IS HEREBY ORDERED that:

1. This case now proceeds with Plaintiff's Complaint filed on July 30, 2014, against defendants Marlene Smith aka Marlene Robicheaux-Smith, Natalie Clark, and Antoneya Graves for violation of Plaintiff's First Amendment rights to exercise his religion, for retaliation, and for related state law claims; and

2. Within thirty days of the date of service of this order, Defendants Smith, Clark, and Graves shall file an Answer to the Complaint.

IT IS SO ORDERED.

Dated: **February 5, 2016**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE